

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | No. 08-25-00142-CV |
| RANDALL WAYNE WEAVER, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator Randall Wayne Weaver filed a petition for writ of mandamus seeking relief from an alleged order signed by the Honorable John Poole, Judge of the 109th District Court of Andrews County, Texas. As Weaver describes the challenged order, it abated his underlying divorce proceeding filed in Andrews County.[1] Weaver's mandamus petition includes an appendix but it neither includes the challenged order nor some of the other pleadings referenced in the petition. We deny relief.

In the statement of facts, Weaver's mandamus petition asserts he initiated a divorce proceeding against his spouse, Chara Elizabeth Weaver, in the 109th District Court of Andrews County, on April 24, 2025. He further claims that, until March 11, 2025, he and his spouse had

---

[1] The divorce proceeding was captioned, "In the matter of the marriage of Randall Wayne Weaver and Chara Elizabeth Weaver, and in the interest of C.W.W., E.E.W., and S.K.W., children," and it was docketed under trial court cause number 23,622.

resided in Andrews County, and that residence was their most recent domicile living together with their children. After March 11, 2025, he claimed the couple lived separate and apart after his spouse left the home with their children and went to stay with family in Nacogdoches County. Weaver's statement further describes that, on April 17, 2025, his wife filed an original petition in a suit affecting the parent-child relationship in the County Court at Law of Nacogdoches County, Texas, seeking custody of the parties' children.

As relevant to any ruling by Respondent, Weaver's petition represents that, on May 7, 2025, the trial court abated his divorce action on the ground that he had by then leased a residence in nearby Midland County. Seeking mandamus relief, Weaver argues that, in doing so, the trial court improperly abated his divorce action after confusing the standards for domicile and residency as required by Texas law. Specifically, he seeks to invoke this Court's original jurisdiction to issue a writ of mandamus compelling the Respondent to direct the District Clerk to ministerially file his motion to reconsider and thereafter for the Respondent to then grant the motion and proceed with the divorce in Andrews County.

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). A party seeking mandamus relief bears the burden of providing a court with a record sufficient to establish their right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). A mandamus proceeding is commenced by filing a petition with the clerk of the court, which includes an appendix containing a certified or sworn copy of any order complained of, or any other document showing the matter complained of. Tex. R. App. P. 52 .3(k)(1)(A). Additionally, where relevant, the relator must file a record that includes a certified or sworn copy of every document that is material to the relator's claim for relief and that

2

was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding. Tex. R. App. P. 52.7(a)(1), (2).

As we noted, Weaver's petition included an appendix but it only contained the following items: (1) a copy of a motion to reconsider lacking any marking indicated it had been file-stamped by the District Clerk; (2) a copy of an email from efiletexas.gov indicating the trial court did not file his motion to reconsider because the case had been dismissed; and (3) a copy of an original petition in suit affecting the parent-child relationship filed with the District Clerk of Nacogdoches County by Chara Elizabeth Weaver. On review of the petition and appendix, we conclude the record before us is insufficient to evaluate the merits of Weaver's request for relief. To start, the record fails to include Weaver's own petition for divorce or any responsive filing requesting dismissal or abatement of his petition. Additionally, it fails to include a certified or sworn copy of the order of which he complains, which is Respondent's order abating the divorce action. *See* Tex. R. App. P. 52 .3(k)(1)(A).

Without a proper record, we are unable to determine whether the trial court clearly abused its discretion. *See* Tex. R. App. P. 52.7; *In re Martinez*, No. 08-24-00023-CV, 2024 WL 1723958, at *2 (Tex. App.—El Paso Apr. 22, 2024, no pet.) (mem. op.) (denying petition for mandamus for incomplete record); *In re Williams*, No. 08-22-00051-CV, 2022 WL 1210574, at *1 (Tex. App.—El Paso Apr. 25, 2022, no pet.) (mem. op.) ("Due to the lack of an adequate mandamus record, we are unable to determine whether the trial court abused its discretion."); *In re Oncor Elec. Delivery Co. LLC*, No. 05-11-00188-CV, 2011 WL 989071, at *1 (Tex. App.—Dallas Mar. 22, 2011, no pet.) (mem. op.) ("Because relator has not provided this Court with either a definite oral ruling or a written order to support its petition, relator has not shown itself entitled to the relief requested.").

We deny the petition seeking mandamus relief without prejudice. *See* Tex. R. App. P. 52.8(a).


GINA M. PALAFOX, Justice

May 20, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.